# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| TERRY LAMONT WILSON | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:18-CV-346-TLS-SLC |
| | ) | |
| SHERIFF, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Terry Lamont Wilson's amended petition for a writ of habeas corpus [ECF No. 3]. The Plaintiff, a prisoner without a lawyer, previously filed a habeas corpus petition attempting to challenge his sentence by the Grant Superior Court under cause number 27D02-1711-F5-144 on October 26, 2018 [ECF No. 1]. On October 30, 2018, the Court denied the Plaintiff's petition without prejudice as he did not use the court's habeas corpus form [ECF No. 2]. The Plaintiff subsequently filed an amended petition using the court's habeas corpus form on November 19, 2018 [ECF No. 3].

Before considering the merits of a habeas petition, the court must ensure the petitioner has exhausted all available remedies in state court as required by 28 U.S.C. § 2254(b)(1)(A). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (internal citations omitted).

> Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the

issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id*. at 1025–26 (internal citation omitted).

Here, Wilson pleaded guilty on August 13, 2018. He did not file a direct appeal and he has not filed a post-conviction relief petition [ECF No. 4 at 2]. He has not properly presented his claims to the Indiana Supreme Court. As such, he has not exhausted his claims, and it is still possible for him to do so. Therefore, this case will be dismissed without prejudice, so that he can pursue his claims in the State courts.

When dismissing a habeas petition as unexhausted, the Court must consider whether the statute of limitations has expired or is so close to expiring that dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006) (internal citations and quotations omitted). Here, there are still many months before the 1-year period of limitation expires. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, there is no basis for staying this proceeding.

For these reasons, the petition is DISMISSED WITHOUT PREJUDICE pursuant to Section 2254 Habeas Corpus Rule 4 because it is unexhausted.

SO ORDERED on December 7, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT